**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40156/40157**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 489** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: May 9, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JAMES JOHN DUSENBERY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order revoking probation and requiring execution of unified five-year sentence with two-year determinate term for possession of a controlled substance; and concurrent unified four-year sentence with two-year determinate term for accessory to grand theft by possession; judgment of conviction and concurrent unified five-year sentence with two-year determinate term for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

In these consolidated appeals, James John Dusenbery pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), and accessory to grand theft by possession of stolen property, I.C. §§ 18-2403(4), 18-2407(1) and 18-205 (Docket No. 40156). The district court imposed a unified seven-year sentence with a four-year determinate term on the possession of a controlled substance charge, and a concurrent five-year sentence with a three-year determinate term on the accessory to grand theft by possession of stolen property charge, and

1

retained jurisdiction. After a period of retained jurisdiction, the district court suspended the sentences and placed Dusenbery on probation for seven years. Subsequently, Dusenbery admitted to violating several terms of the probation, and the district court consequently revoked probation, ordered execution of the original sentence, and again retained jurisdiction.

Approximately six months later, Dusenbery was again charged with probation violations, including a second possession of a controlled substance charge (which resulted in the charges in Docket No. 40157). Dusenbery admitted to violating the terms of his probation. The district court revoked his probation in Docket No. 40156 and reinstated a modified sentence, which was reduced to a unified five-year sentence with a two-year determinate term on the possession of a controlled substance charge, and a concurrent four-year sentence with a two-year determinate term on the accessory to grand theft by possession of stolen property charge. In Docket No. 40157 the district court imposed a unified sentence of five years with two years determinate to run concurrent with Dusenbery's sentence in Docket No. 40156. Dusenbery timely appealed.

Following settlement of the appellate record, Dusenbery filed, with the Idaho Supreme Court, a motion to augment the record requesting various transcripts. The Supreme Court denied Dusenbery's motion requesting transcripts of the dispositional hearing and the rider review hearing. Dusenbery appeals, contending that the Idaho Supreme Court denied him due process and equal protection by denying his motion to augment the record with the requested transcripts. Dusenbery also asserts the district court abused its discretion by revoking his probation in Docket No. 40156 and by failing to place him on probation in Docket No. 40157.

Dusenbery asks this Court to hold that the Idaho Supreme Court deprived him of due process when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of

assignment to this Court. *Id*. Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Dusenbery has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Dusenbery asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion. As this is beyond the scope of our authority, we will not address the issue further.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well

3

established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation or in ordering execution of Dusenbery's modified sentence in Docket No. 40156. In addition, we cannot say that the district court abused its discretion by not placing Dunsenbery on probation in Docket No. 40157. Therefore, the order revoking probation and directing execution of Dusenbery's modified sentence in Docket No. 40156 and Dusenbery's judgment of conviction and sentence in Docket No. 40157 are affirmed.